IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FRANK T. WHITEHEAD,

                         Petitioner,                               ORDER

          v.                                                    16-cv-229-wmc

TIMOTHY DOUMA, Warden,
New Lisbon Correctional Institution,

                         Respondent.

---

Frank T. Whitehead has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and has been granted leave to proceed without prepayment of the $5 filing fee.  Before the court is petitioner's motion to stay the petition and hold it in abeyance so that he can exhaust his state court remedies with respect to two claims that he included in his petition but either did not raise, or failed to fully develop, in his state court direct appeal.  The court will grant petitioner's request for a stay.

FACTS

On August 9, 2012, petitioner was found guilty after a jury trial of one count of first degree sexual assault of a child under the age of 13 and one count of threats to injure or accuse of a crime.  (Douglas County Case No. 12CF133).  On November 11, 2014, the Court of Appeals affirmed petitioner's conviction (Case No. 2014AP460), and on March 16, 2015, the Wisconsin Supreme Court denied his petition for review.

Petitioner's one year statute of limitations to file the instant petition in federal court started to run 90 days later on June 15, 2015.  Petitioner filed his petition in this court on April 11, 2016.  Because "the filing of a petition for habeas corpus in federal court does not toll the statute of limitations," *Rhines v. Weber*, 544 U.S. 269, 275 (2005), his statute of limitations will

expire on June 15, 2016 unless he properly files an application for state post-conviction or other collateral review.

OPINION

Petitioner raises the following claims of ineffectiveness of his trial counsel: (1) trial counsel failed to ask the state witness about threats she had made against petitioner; (2) trial counsel failed to introduce evidence that another police department found no basis to arrest petitioner for a related alleged sexual assault; (3) trial counsel failed to call the victim's brother as a witness at trial; and (4) trial counsel failed to investigate and introduce certain photos and other evidence obtained from petitioner's home.  On direct appeal, petitioner raised the first, second and third claims presented.  He now asks the court to hold his petition in abeyance pursuant to *Rhines*, 544 U.S. at 277, while he raises the fourth claim, as well as an elaboration of the third claim, in state court.

Under *Rhines*, courts may stay a mixed petition, that is, a petition containing both exhausted and unexhausted claims, in situations in which outright dismissal of the petition could jeopardize the petitioner's ability to later file a timely habeas petition on the unexhausted claims. *Id.* at 275.  Stay and abeyance is available only if there was good cause for petitioner's failure to exhaust his claims in state court first, the unexhausted claims are not plainly meritless and the petitioner does not appear to be engaged in abusive litigation tactics or intentional delay.  *Id.* In general, courts have found that a petitioner's right to federal review is not at risk when he has at least 60 days remaining on his federal clock within which to initiate the state court exhaustion process and return to federal court after completing it.  *Crews v. Horn*, 360 F.3d 146, 154 (3d Cir. 2004) (petitioner ought to be able to file application for state post conviction relief within 30 days and return to federal court within 30 days after state court exhaustion is completed);

2

*Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (same); *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001) (same).

Here, petitioner's federal habeas clock will expire in less than 60 days, so dismissing his unexhausted claims likely would bar him from raising those claims in a later-filed federal habeas petition. Additionally, there is no indication that petitioner has engaged in intentionally dilatory litigation tactics. Because petitioner contends that his attorney was ineffective for failing to identify, raise and fully develop these unexhausted claims on appeal, the court finds that petitioner had good cause for his failure to exhaust. Finally, the court is unable to conclude from the limited record before it that petitioner's claims have no potential merit. Therefore, the court concludes that petitioner's claims have potential merit and will grant petitioner's motion for a stay.

I offer some additional comments for petitioner's benefit: First, the Wisconsin courts distinguish claims challenging the effectiveness of post-conviction counsel from those challenging the effectiveness of appellate counsel. *See* Wis. Stat. § 974.06; *State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 556 N.W. 2d 136 (Ct. App. 1996) (describing procedure for challenging effectiveness of postconviction counsel); *State v. Knight*, 168 Wis. 2d 509, 520, 484 N.W.2d 540, 544 (1992) (appellate counsel). In this case, it appears that petitioner is challenging the effectiveness of both his trial and appellate lawyers, so petitioner should review these cases to make sure that he follows the appropriate procedures for exhausting his claims.

Second, this court will not tread water with petitioner's federal habeas petition indefinitely. *Rhines*, 544 U.S. at 277. I am granting the requested stay with these two conditions: (1) Not later than **June 28, 2016** (60 days from the date of this order), petitioner must initiate proceedings in state court to exhaust his remaining claims; and (2) After petitioner has completely exhausted his state court remedies, he then has 30 days from the date of the last

order from the state courts in which to file a motion in this court to lift the stay.  If petitioner

fails to meet either one of these two conditions, then this court may vacate the stay as of the

date the stay was entered and the petition may be dismissed.

ORDER

IT IS ORDERED that:

1.  Petitioner's motion to stay and hold the petition in abeyance is GRANTED;

2.  The instant petition is STAYED pending exhaustion of petitioner's state remedies with the following conditions:

a) Not later than **June 28, 2016**, Petitioner must initiate proceedings in state court to exhaust his remaining claims; and

b) After completely exhausting his state court remedies, petitioner has 30 days from the date of the last order from the state courts in which to file a motion in this court to lift the stay.

3.  If petitioner fails to meet these conditions, then the stay may be vacated as of the date of this order and the petition may be dismissed.

4.  The clerk of court is directed to close this case, subject to re-opening by petitioner upon the filing of his motion to lift the stay.

Entered this 29th  of April, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER

Magistrate Judge