IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FRANK T. WHITEHEAD,

                Petitioner,

v.                                            ORDER

TIMOTHY DOUMA,                       16-cv-229-wmc

                Respondent.

---

I ordered respondent to file a response to the amended petition, in compliance with Rule 5 of the Rules Governing § 2254 Cases (Habeas Rules), showing cause why the petition should not be granted. Dkt. 31. I instructed respondent to "address all claim on the merits, even if respondent argues that the petition fails on one or more procedural grounds." *Id.* Respondent filed an answer to the amended petition. Dkt. 39. The answer is abbreviated, failing to "address the allegations in the petition" as Rule 5 requires. *See* Rule 5(b), Habeas Rules.

Respondent's counsel prefaced the answer with the comment that respondent "does not interpret the screening order to require him to file a brief addressing the merits or affirmative defenses at this time, before Petitioner has done so, but as requiring that Respondent comport with the standard practice of filing an Answer along with relevant briefs, decision, and transcripts from the state court proceedings." Dkt. 39 at 1. Counsel apparently realized that the form of the order was different than past practice, and counsel should have sought clarification.

To be clear, the court is changing from its historical practice when the petition sets out grounds for relief that warrant a response, as Whitehead's amended petition does. In the past,

the court has accepted an abbreviated answer and then set out a briefing schedule beginning with a brief from the petitioner. But in many cases, this simply draws out the process and requires unnecessary filings by both the petitioner and the respondent. My instructions here were that the response must comply with Rule 5 and address all claims on the merits, even if respondent raised a procedural bar. In other words, the court expected a full response from respondent. Petitioner will have the opportunity to reply, and then the petition will be ready for a decision.

I will give respondent 30 days to file a response to the amended petition that complies with my previous order. I will also strike respondent's answer, though I will not require respondent to refile the state court records. Respondent may simply cite to the records in Dkt. 39.

ORDER

IT IS ORDERED that:

1. Respondent's answer, Dkt. 39, is STRUCK.
2. Respondent has until March 13, 2023, to file a response to the amended petition.
3. The clerk of court is directed to send petitioner a copy of this order.

Entered February 10, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge